**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Christina A. Aryafar (Cal. Bar No. 288067)
caryafar@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (applying *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:   (312) 222-9350
Facsimile:    (312) 527-0484

*Attorneys for Defendant*
The Hain Celestial Group, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN LINDQUIST, DAVID SWARTZ, and MARTHA VALENTINE, on behalf of themselves, the general public and those similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>                    Defendant. | Case No.   3:18-cv-6465<br><br>**THE HAIN CELESTIAL GROUP, INC.'S NOTICE OF REMOVAL**<br><br>[County of San Francisco Superior Court Case No.  CGC-18-569306] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant The Hain Celestial Group, Inc. ("Hain Celestial") hereby effects the removal of this action from the Superior Court of the State of California for the County of San Francisco ("County of San Francisco Superior Court") to the United States District Court for the Northern District of California.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper in this Court because Plaintiff filed his complaint in County of San Francisco Superior Court.  *See* 28 U.S.C. § 84(a) (providing that the County of San Francisco is part of the Northern District of California); 28 U.S.C. § 1391 (describing where venue is proper).

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.     Plaintiffs filed this lawsuit in County of San Francisco Superior Court on August 30, 2018.  Defendant Hain Celestial has not yet been formally served.  *See* Ex. A (State Court Complaint and Summons).  No other documents have been filed.

2.     Plaintiffs allege the "earth friendly" representation on the packaging of Earth's Best brand baby wipe products is false and misleading because the wipes are made from polyester and rayon fibers.  *See* Ex. A, ¶¶ 24-31.

3.     Plaintiff alleges six causes of action against Hain Celestial for violations of California's Unfair Competition Law, Consumer Legal Remedies Act, False Advertising Law, and Environmental Marketing Claims Act, as well as for fraud and negligent misrepresentation.  *See* Ex. A, ¶¶ 55-105.

4.     Plaintiff seeks compensatory damages, punitive damages, statutory damages, restitution, injunctive relief, and attorneys' fees on behalf of herself and a class of all

persons who purchased Earth's Best wipes in California since September 1, 2014.  *See* Ex. A, ¶ 45; Prayer for Relief.

## <u>REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)</u>

5.      CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous To Satisfy CAFA

6.      Plaintiffs bring this action on behalf of "[a]ll persons who, between September 1, 2014 and the present, purchased in California, the Earth's Best Wipes."  Ex. A, ¶ 45.

7.      Plaintiffs state that they "do not know the exact size of the class" but can estimate that "it is composed of more than 100 persons," and that "joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts."  Ex. A, ¶ 47.  This satisfies CAFA's numerosity requirement.

### The Parties Are Minimally Diverse

8.      CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.").

9.      Plaintiffs Erin Lindquist, David Swartz, and Martha Valentine are citizens and residents of California.  *See* Ex. A, ¶¶ 3-5.

10.      Hain Celestial is incorporated in Delaware and maintains its headquarters in

Lake Success, New York.  *See* Ex. A, ¶ 16; *see also* The Hain Celestial Group, Inc. Form 10-K Annual Report for 2018, available at https://www.sec.gov/Archives/edgar/data/910406/000091040618000061/hain-06302018x10k.htm.  Accordingly, Hain Celestial is a citizen of Delaware and New York. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (proving that a corporation's principal place of business is the place where "a corporation's officers direct, control, and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters").

11.    The minimal diversity requirement is satisfied here because no Plaintiff is a citizen of Delaware or New York.  *See Aguilar v. Courtyard Mgmt. Corp.*, No. 13-07181, 2014 WL 12597037, at *2 (C.D. Cal. Jan. 13, 2014) (CAFA minimal diversity requirement satisfied where named plaintiff was "a citizen of California—a different state than at least one defendant.").

### There Is at Least $5,000,000 in Controversy

12.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  It must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class."  *Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).  In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Korn*, 536 F. Supp. 2d at 1205; *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

13.    "A defendant seeking removal of a putative class action must demonstrate,

by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  The preponderance of the evidence standard is satisfied where "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (*quoting Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

14.    Without conceding any merit to Plaintiffs' allegations, causes of action, or claims for damages, the amount in controversy here satisfies CAFA's jurisdictional threshold.

15.    Plaintiffs seek restitution in connection with Earth's Best wipes as a result of the "earth friendly" representation.  *See, e.g.*, Ex. A, ¶¶ 2, 71, 82, 91, 103. Since September 2014, sales of Earth's Best wipes exceeded several million dollars.

16.    Plaintiffs also seek punitive damages for their first and third causes of action. Ex. A, ¶ 62, Prayer for Relief.  This amount must be included in calculating the amount in controversy.  *Bell-Sparrow v. Wiltz*, No. 12-2782, 2014 WL 2927354, at *4-5 (N.D. Cal. June 27, 2014) (including punitive damages award with 5.5 multiplier in amount-in-controversy in light of plaintiff's request for punitive damages in connection with claim for intentional misrepresentation); *Lee v. Equifax Info. Servs., LLC*, No. 13-4302, 2013 WL 6627755, at *4 (N.D. Cal. Dec. 16, 2013); *Hurd v. Am. Income Life Ins.*, No. 13-5205, 2013 WL 5575073, at *6-7 (C.D. Cal. Oct. 10, 2013); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002).  As recognized in *Hurd*, punitive damages awards "can be substantial."  2013 WL 5575073, at *6-7.

17.    In addition, Plaintiffs seek "an injunction to prohibit the sale of the Earth's Best Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the misrepresentation 'Earth Friendly' and to disclose the omitted facts about the true composition of the wipes." Ex. A, ¶¶ 74, 96, 105.  Hain Celestial's cost for complying with such an injunction would potentially be in excess of

$1 million and must be included in determining the amount in controversy.  *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (noting that "the costs of complying with an injunction" are included in determining whether CAFA's amount in controversy requirement is met).

18.    Plaintiffs also seek attorneys' fees.  *See, e.g.*, Ex. A, ¶¶ 63, Prayer for Relief. Attorneys' fees are properly considered as part of the amount in controversy for the purposes of determining federal jurisdiction.  *Bayol*, 2015 WL 4931756, at *7 ("The amount in controversy can include…attorneys' fees[.]"); *see also Mejia v. Prologix Distribution Servs. (W.), LLC*, No. 12-4840, 2012 WL 5522309, at *2 (N.D. Cal. Nov. 14, 2012) (explaining that "attorneys' fees are included in the calculation" of CAFA's amount in controversy requirement); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Fee requests in consumer class actions, such as this lawsuit, are typically significant.  *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (awarding attorneys' fees of $2.04 million as part of the settlement of consumer class action); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06-5173, 2008 WL 1956267, at *16 (S.D.N.Y. May 1, 2008) (class counsel incurred $1,279,405 in breach-of-warranty class action).

19.    When aggregated, the compensatory damages, injunctive relief, and punitive damages demanded by Plaintiffs, combined with the amount of attorneys' fees that class counsel may recover, exceeds CAFA's $5 million threshold.

## REMOVAL IS TIMELY

20.    Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty (30) days of the defendant's receipt of service of the summons and the Complaint.  Hain Celestial was not yet been formally served.  This Notice of Removal is accordingly timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

21.    Hain Celestial has not had any attorneys enter an appearance, file any responsive pleadings, or file any papers responding to the Complaint in the state court.

22.    Hain Celestial will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of County of San Francisco Superior Court as required by 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, Notice is given that this action is removed from County of San Francisco Superior Court to the United States District Court for the Norther District of California.


Dated:  October 23, 2018                          JENNER & BLOCK LLP

                                                  /s/ Kenneth K. Lee
                                                  Kenneth K. Lee


                                                  *Attorneys for Defendant*
                                                  The Hain Celestial Group, Inc.