# Exhibit A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Seth Safier, Esq. (SBN 197427)
Gutride Safier LLP, 100 Pine Street, Suite 1250, San Francisco, CA 94111

TELEPHONE NO.: 415-336-6545   FAX NO.: 415-449-6469
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: San Francisco Superior Court

CASE NAME:
Lindquist, et al v. The Hain Celestial Group, Inc.

FOR COURT USE ONLY

ENDORSED
FILED
San Francisco County Superior Court

AUG 3 0 2018

CLERK OF THE COURT
BY:_____ NEYL WEBB
Deputy Clerk

FILE BY FAX

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC 18-569306<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): six (6)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/29/18

Seth A. Safier, Esq.
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE HAIN CELESTIAL GROUP, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIN LINDQUIST, DAVID SWARTZ, and MARTHA VALENTINE,
on behalf of themselves, the general public and those similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC 18-569306** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth Safier (SBN197427), Gutride Safier LLP, 100 Pine St., #1250, San Francisco, CA 94111; 415-336-6545

| DATE:<br>*(Fecha)* | **AUG 3 0 2018** | Clerk of the Court | Clerk, by<br>*(Secretario)* | **NEYL WEBB** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE MCCRARY (State Bar No. 262670)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 271-6469
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

ENDORSED
**F I L E D**
San Francisco County Superior Court

AUG 3 0 2018

**CLERK OF THE COURT**
BY: _____ NEYL WEBB
Deputy Clerk

FILE BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

ERIN LINDQUIST, DAVID SWARTZ, and MARTHA VALENTINE, on behalf of themselves, the general public and those similarly situated,

    Plaintiffs,

        v.

THE HAIN CELESTIAL GROUP, INC.,

    Defendants.

CASE NO. **C G C - 1 8 - 5 6 9 3 0 6**

UNLIMITED CIVIL CASE

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; NEGLIGENT MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; AND VIOLATION OF THE ENVIRONMENTAL MARKETING CLAIMS ACT**

JURY TRIAL DEMANDED

-1-

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **JAN-30-2019** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

Erin Lindquist, David Swartz, and Martha Valentine, by and through their counsel, bring this Class Action Complaint against Defendant The Hain Celestial Group, Inc. on behalf of themselves and those similarly situated. The following allegations are based upon information and belief, including the investigation of Plaintiffs' counsel, unless stated otherwise.

## INTRODUCTION

1.      Consumers, such as Plaintiffs and the Class Members, are sensitive to the environmental impact of the products that they purchase and use and are willing to pay more for "green" products that are advertised as "earth friendly." Defendants take advantage of this segment of consumers by labeling the pre-moistened wipes that they sell as being "earth-friendly." They charge a premium for these wipes, as compared to wipes that are not marketed as being "earth-friendly." Despite the label, however, the wipes are made significant amounts of synthetic materials that are not "earth-friendly." Specifically, the substrate used in Defendants' wipes is composed of polyester, lyocell, and rayon fibers. Polyester is a synthetic plastic fiber. Rayon is manufactured using cellulose that is treated with harsh chemicals, such as caustic soda, ammonia, acetone and sulfuric acid. Neither polyester nor rayon will fully biodegrade after customary disposal in a landfill or incinerator.

2.      Throughout the class period, Defendants have obtained substantial profits from the deceptive sale of wipes marketed as being "earth friendly." This action seeks: (i) to require Defendants to pay restitution to purchasers of the wipes, namely the price premium paid for the wipes, i.e., the difference between the price consumers paid for the wipes and the price that they would have paid but for Defendants' misrepresentation, in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis and (ii) an injunction precluding the sale of the wipes within a reasonable time after entry of judgment, unless the wipes' packaging and marketing is modified to remove the misrepresentation "Earth Friendly" and to disclose the omitted facts about the true composition of the wipes.

## PARTIES

3.      Erin Lindquist ("Lindquist") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Oceanside, California.

-1-

4. David Swartz ("Swartz") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Oakland, California.

5. Martha Valentine ("Valentine") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of San Francisco, California.

6. Defendant The Hain Celestial Group, Inc. ("Hain Celestial") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in Lake Success, New York.

7. The true names and capacities of Defendants sued as Does 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names pursuant to section 474 of the California Code of Civil Procedure. Plaintiffs will seek leave of Court to amend this Class Action Complaint when said true names and capacities have been ascertained.

8. The Parties identified in paragraphs 6 and 7 of this Class Action Complaint are collectively referred to hereafter as "Defendants."

9. At all times herein mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner or employee of the other Defendants and, in doing the things herein alleged, was acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each Defendant.

10. At all times herein mentioned, each of the Defendants was a member of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

11. At all times herein mentioned, the acts and omissions of each of the Defendants concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

12. At all times herein mentioned, each of the Defendants ratified each and every act or omission complained of herein.

13. At all times herein mentioned, each of the Defendants aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages, and

other injuries, as herein alleged.

## JURISDICTION AND VENUE

14.     This action is brought by Plaintiffs pursuant, *inter alia*, to the California Business and Professions Code, section 17200, *et seq.* Plaintiffs and Defendants are "persons" within the meaning of the California Business and Professions Code, section 17201.

15.     The injuries, damages and/or harm upon which this action is based occurred in or arose out of activities engaged in by Defendants within, affecting, and emanating from, the State of California.

16.     Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California, including in San Francisco County.

17.     In accordance with California Civil Code Section 1780(c), Plaintiffs concurrently file herewith a declaration establishing that, on many occasion since 2010, Valentine purchased Earth's Best Wipes in San Francisco. (Plaintiff's declaration is attached hereto as Exhibit A.)

18.     Plaintiffs accordingly allege that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

### (1) Defendants and Defendants' Wipes at Issue

19.     Defendant Hain Celestial manufacturers, markets, and sells hundreds of consumer products under over fifty brand names, including "Earth's Best". The Earth's Best products are widely available for purchase in supermarkets, drug stores, and other brick and mortar and online retailers, such as Amazon, Walmart.com, and Babies "R" Us.

20.     This case concerns Defendants' marketing and sale of the "Earth's Best" brand pre-moistened wipes. Pre-moistened wipes consist of a non-woven substrate (which is created by bonding fibers together) soaked in a liquid solution (referred to as a lotion).

21.     The specific products as issue in this case are the following:

- Earth's Best TenderCare Wipes (all count sizes, including but not limited to, 30 ct, 72 ct, 432 ct); and

- Earth's Best TenderCare Sensitive Wipes (all count sizes, including but not limited to, 64 ct, 576 ct).

These products are collectively referred to as the "Earth's Best Wipes."

### (2) Consumer Demand for Environmentally-Friendly Products

22.     In recent years, consumers have become significantly more aware and sensitive to their impact on the environment through the products they purchase and use. As a result, many consumers demand products that are environmentally superior to similar products, in that these superior products cause less harm to the environment. The term "green" is commonly used to describe these products, and the environmental movement that led to them. Factors important in determining that a product is environmentally superior to a similar product include the adverse impact to the environment caused by the manufacturing, use, and disposal of a product.

23.     Unfortunately for consumers, some companies make deceptive, misleading and false statements regarding the environmental superiority of their products in order to increase their profits at the expense of consumers. Companies accomplish this deception through false representations regarding a product's environmental attribute. This practice is commonly known as "greenwashing." As detailed below, Defendants engaged in greenwashing by deceptively representing that their wipes are "earth friendly" wipes, when this, in fact, is false and misleading.

### (3) Defendants Falsely Represent that the Earth's Best Wipes Are "Earth Friendly"

24.     Throughout the class period, all Earth's Best Wipes have predominately stated on the front of the package that they are "earth friendly." For example, on the front of the Earth's Best TenderCare Wipes' package, Defendants advertise that the product is "earth friendly:"



25.     Defendants make the same representation on the front of the Earth's Best TenderCare Sensitive Wipes packages. Defendants have consistently marketed all the Earth's Best Wipes with the "Earth Friendly" representation on the front panel of the product package throughout the class period.

26.     Defendants market the Earth's Best Wipes as "Earth Friendly" to capitalize on consumer demand for "green" products. In particular, Defendants intend for reasonable consumers to believe, and reasonable consumers do believe, that because the Earth's Best Wipes are "Earth Friendly," they are not made of plastic. Further, Defendants intend for reasonable consumers to believe, and reasonable consumers do believe, that because the Earth's Best Wipes are "Earth Friendly," the process of manufacturing them is not harmful to the environment. Defendants intend for reasonable consumers to believe, and reasonable consumers do believe, that because the Earth's Best Wipes are "Earth Friendly," the wipes are manufactured with no (or minimal) chemical processing and are thus are less likely to irritate sensitive skin when used. Defendants also intend for reasonable consumers to believe, and reasonable consumers do believe, that because the Earth's Best Wipes are "Earth Friendly," the wipes will not harm the environment when the consumer disposes of them, because they will biodegrade. Finally, Defendants intend for consumers to believe, and reasonable consumers do believe, that because the Earth's Best Wipes are "Earth Friendly," the wipes are specially designed to be environmentally superior to its competitors' products that do not contain the same representation.

27.     In February of 2017, Plaintiffs' counsel had a fiber analysis performed on the Earth's Best Wipes. The wipes were purchased online and shipped directly to an independent laboratory for analysis. The laboratory determined that the substrate used in each of the Earth's Best Wipes, i.e., the fibrous material that forms the base of the wipe, is made from polyester and rayon fibers. The phrase "Earth Friendly" is false and misleading as applied to the Earth's Best wipes for at least the following reasons:

28.     Polyester is a synthetic polymer made of purified terephthalic acid (PTA) or dimethyl ester dimethyl terephthalate (DMT) and monoethylene glycol (MEG) – in other words, polyester is a synthetic plastic fiber. Polyester is not biodegradable, i.e., it does not completely

break down and decompose into elements found in nature, within a reasonably short period of time after customary disposal.

29.     Rayon is a semi-synthetic fiber, which is manufactured from cellulose using toxic chemicals. The manufacturing process begins by steeping cellulose in caustic soda, which concentrates some of the cellulose into soda cellulose, which is then rolled or pressed to remove excess soda solution. After pressing, the cellulose is shredded into a substance called white crumb. The white crumb is allowed to oxidize, forming shorter molecular chains, and treated with carbon disulfide. The soda cellulose reacts with this substance, forming yellow crumb due to inorganic compounds that emerge during the chemical process. This yellow crumb is dissolved in a caustic solution, which relaxes the hydrogen bonds in the cellulose, producing a highly viscous substance. The viscous substance is allowed to age, breaking down the cellulose structures further to produce an even slurry, and then filtered to remove impurities. Small air pockets are forced out to ensure a strong, even fiber, and the mixture is forced through a spinner, which forms many even strands of fine thread that enter a setting solution to form cellulose filaments. This complex manufacturing process results in significant environmental pollution, including harmful air and water emissions, such as zinc and hydrogen sulfide.

30.     Rayon does not biodegrade after disposal. As the FTC explained relating to the matter of *Dyna-E International, Inc.*, Docket. No. 9336, for products made of rayon that are typically disposed of in landfills, incinerators, or recycling facilities, "it is impossible for these products to biodegrade within a reasonably short time." (https://www.ftc.gov/news-events/press-releases/2009/08/ftc-settlement-bars-sellers-deceptive-biodegradable-claims, last accessed March 1, 2018.)

31.     Nowhere on the packages of any of the Earth's Best Wipes do Defendants disclose that the wipes' substrate is made from polyester or rayon.

**(4) Defendants' Marketing of the Earth's Best Wipes Fails to Comply with the FTC Guidelines**

32.     The Federal Trade Commission ("FTC") has issued standards describing what constitutes deceptive and misleading environmental claims. The FTC standards are commonly

known as the "Green Guides." As detailed below, Defendants violate several provisions of the FTC's Green Guides. Further, the Green Guides have been independently adopted as part of the Environmental Marketing Claims Act Cal. Bus. & Prof. Code § 17580, *et seq. See* Cal. Bus. & Prof. Code § 17580.5 (adopting FTC Green Guides).

33.     Section 260.3(b) of the Green Guides requires an environmental marketing claim to "specify whether it refers to the product, the product's packaging, a service, or just to a portion of the product, package, or service." 16 C.F.R. § 260.3(b). Defendants' "earth friendly" representation violates this standard of the Green Guides because it fails to specify whether it refers to the Earth's Best Wipes, the wipes' packaging, or just part of the wipes (i.e., the lotion).

34.     Section 260.3(c) of the Green Guides prohibits an environmental marketing claim from "overstat[ing], directly or by implication, an environmental attribute or benefit. Marketers should not state or imply environmental benefits if the benefits are negligible." 16 C.F.R. § 260.3(c). Defendants' "earth friendly" representation violates this standard of the Green Guides because it overstates an environmental attribute because the polyester fibers in the substrate are made of petrochemicals, the substrate will not biodegrade after the consumer disposes of them, and the manufacturing process for rayon utilizes toxic chemicals and results in the emission of harmful pollutants into the air and water.

35.     Section 260.16(a) of the Green Guides states that "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is made with renewable materials." 16 C.F.R. § 260.16(a). Further pursuant to 260.16(c), any "made with renewable materials" claim must be qualified "unless the product or package (excluding minor, incidental components) is made entirely with renewable materials." 16 C.F.R. § 260.16(c). Defendants' "earth friendly" representation violates this standard of the Green Guides because it implies that the wipes are made from renewable material, but the product is not made exclusively of renewable materials. Defendants do not state anywhere on the package that the wipes are actually made from polyester and rayon. They certainly do not make such statement on the front of the package in reasaonable proximity to the "Earth Friendly" representation.

36.     Further, in violation of Green Guide Section 260.2 and Cal. Bus. & Prof. Code §

17580, Defendants have not and cannot substantiate the complained of misrepresentations. *See* 16 C.F.R. § 260.2 and Cal. Bus. & Prof. Code § 17580.

37.     Because Defendants' environmental marketing claims fail to comply with 16 C.F.R. §§ 260.2, 260.3(b), 260.3(c), 260.16(a), and 260.16(c), Defendants violate Cal. Bus. & Prof. Code § 17580.5, which makes it unlawful for "any person to make any untruthful, deceptive, or misleading environmental marketing claim [ ] includ[ing] any claim contained in the Guides for the Use of Environmental Marketing Claims published by the Federal Trade Commission."

**(5) Defendants Intend To Continue To Market and Sell the Wipes as "Earth Friendly" Wipes**

38.     Defendants' marketing campaign has been extremely successful. Earth's Best is a popular brand, and the Earth's Best Wipes are sold in grocery stores and big box stores throughout California and the country. Because of the big potential for sales, Defendants have no incentive to stop selling "earth friendly" wipes or change their disclaimers to discourage sales.

39.     In marketing the Earth's Best Wipes to consumers as a "earth friendly" product, Defendants know that consumers will be more likely to purchase the product if they believe the product is "earth friendly." Thus, for the Earth's Best Wipes, Defendants intend for consumers to rely on the representation that the product is "earth friendly." Defendants further intend for consumers to rely on the omissions that the Earth's Best Wipes are made of polyester and rayon fibers and that they will not fully biodegrade after disposal.

40.     Because consumers are led to believe the wipes are "earth friendly," and therefore purchase them because they are a "green" product, Defendants are able to charge a premium for the Earth's Best Wipes. For example, Earth's Best Wipes for sale on Amazon.com cost more per wipe than a comparable package of baby wipes, which are not advertised as "earth friendly." If consumers knew that the Earth's Best Wipes were not "earth friendly," the product would not command a premium price based on that representation, and they would not pay the premium attribituable to that representation.

**PLAINTIFFS' EXPERIENCES**

41.     Lindquist purchased Earth's Best Wipes on multiple occasions between June 2013 and July 2017. She decided to buy the Earth's Best Wipes for personal use with her son's diaper changes because she was interested in the fact that the product was a pre-moistened wipe, and she read that the wipes were "earth friendly." Lindquist purchased Earth's Best Wipes online from Babies R Us, Amazon.com, and from Frazier Farms Market, Grocery Outlet, and Sprouts retail stores located in Carlsbad, Vista, San Marcos, and Oceanside California. Lindquist typically paid $5.99 for a 64-count package of Earth's Best Wipes. Had Lindquist known that the Earth's Best Wipes were not "Earth Friendly," she would not have purchased them, or at a minimum, she would not have paid a premium for them.

42.     Swartz purchased Earth's Best Wipes on multiple occasions between January 2015 through December 2016. He decided to buy the Earth's Best Wipes for personal use because he was interested in the fact that the product was a pre-moistened wipe, and he read that the wipes were "earth friendly," which enhanced his perception that the wipes were unlikely to irritate the skin of his daughter, who is prone to skin rashes. Swartz purchased Earth's Best Wipes from a Target retail store, located in Fremont, California. Had Swartz known that the Earth's Best Wipes were not "Earth Friendly," he would not have purchased them, or at a minimum, he would not have paid a premium for them.

43.     Valentine purchased Earth's Best Wipes on many occasions since 2010. She decided to buy the Earth's Best Wipes for personal use because she was interested in the fact that the product was a pre-moistened wipe, and she read that the wipes were "earth friendly." Valentine purchased Earth's Best Wipes from a Target retail store and a Rainbow Grocery in San Francisco, CA. Had Valentine known that the Earth's Best Wipes were not "Earth Friendly", she would not have purchased them, or at a minimum, she would not have paid a premium for them.

44.     All Plaintiffs continue to desire to purchase wipes that are "earth friendly" from Defendants. Without purchasing and providing Earth's Best Wipes to a laboratory for a fiber analysis, Plaintiffs are unable to determine if the wipes are made from "Earth Friendly" materials. Plaintiffs understand that the design and composition of the Earth's Best Wipes may change over time. But as long as Defendants may use the phrase "earth friendly" to describe wipes containing

materials that are not "earth friendly," then when presented with Defendants' packaging, Plaintiffs continue to have no way of determining whether the representation "earth friendly" is in fact true. Thus, Plaintiffs are likely to be repeatedly presented with false or misleading information when shopping and they will be unable to make informed decisions about whether to purchase Defendants' wipes and will be unable to evaluate the different prices between Defendants' wipes and competitors' wipes. Plaintiffs are further likely to be repeatedly misled by Defendants' conduct, unless and until Defendants are compelled to ensure that their wipes marketed as "earth friendly" do not contain materials that are not earth friendly.

## CLASS ALLEGATIONS

45.     Plaintiffs bring this action against Defendants on behalf of themselves and all others similarly situated, as a class action pursuant to section 382 of the California Code of Civil Procedure and section 1781 of the California Civil Code. Plaintiffs seek to represent a group of similarly situated persons (the "Class"), defined as follows:

> All persons who, between September 1, 2014 and the present, purchased, in California, the Earth's Best Wipes.

46.     This action has been brought and may properly be maintained as a class action against Defendants pursuant to the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

47.     Numerosity: Plaintiffs do not know the exact size of the class, but it is estimated that it is composed of more than 100 persons. The persons in the class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

48.     Common Questions Predominate: This action involves common questions of law and fact to the potential class because each class member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led Defendants' customers to believe that the Earth's Best Wipes are "earth friendly." The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the class

are:

        a)      Whether Defendants' Earth's Best Wipes are "earth friendly;"

        b)      Whether Defendants unfairly, unlawfully and/or deceptively failed to inform class members that the Earth's Best Wipes are made from materials (i.e., polyester and rayon) that are not "earth friendly;"

        c)      Whether Defendants' advertising and marketing regarding the Earth's Best Wipes sold to class members was likely to deceive class members or was unfair;

        d)      Whether Defendants engaged in the alleged conduct knowingly, recklessly, or negligently;

        e)      The amount of the premium lost by class members as a result of such wrongdoing;

        f)      Whether class members are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

        g)      Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

    49.    Typicality: Plaintiffs' claims are typical of the class because each of them purchased Earth's Best Wipes in the last four years, in reliance on Defendants' misrepresentations and omissions that they are "earth friendly." Thus, Plaintiffs and class members sustained the same injuries and damages arising out of Defendants' conduct in violation of the law. The injuries and damages of each class member were caused directly by Defendants' wrongful conduct in violation of law as alleged.

    50.    Adequacy: Plaintiffs will fairly and adequately protect the interests of all class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain. Plaintiffs also have no interests that are in conflict with or antagonistic to the interests of class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and the interests of the class. By prevailing on their own claim, Plaintiffs will establish

Defendants' liability to all class members. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

51.      Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

52.      Nexus to California. The State of California has a special interest in regulating the affairs of corporations that do business here. Defendants have more customers here than in any other state. Accordingly, there is a substantial nexus between Defendants' unlawful behavior and California such that the California courts should take cognizance of this action on behalf of a class of individuals who reside anywhere in the United States.

53.      Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CAUSES OF ACTION**

54.    Plaintiffs do not plead, and hereby disclaim, any causes of action under any regulations promulgated by the FTC. Plaintiffs rely on these regulations only to the extent such regulations have been separately enacted as state law or regulations or provide a predicate basis of liability under the state and common laws cited in the following causes of action.

**PLAINTIFFS' FIRST CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)**
**On Behalf of Themselves and the Class**

55.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

56.    This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA").

57.    Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

58.    Plaintiffs and other class members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

59.    The Earth's Best Wipes that Plaintiffs (and others similarly situated class members) purchased from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

60.    By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), § 1770(a)(8), and § 1770(a)(9) of the CLRA. In violation of California Civil Code §1770(a)(2), Defendants' acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendants' acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code §1770(a)(7), Defendants' acts and practices constitute improper representations that the goods they sell are of a particular

-13-

standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(8), Defendants have disparaged the goods, services, or business of another by false or misleading representation of fact. In violation of California Civil Code §1770(a)(9), Defendants have advertised goods or services with intent not to sell them as advertised. Specifically, in violation of sections 1770 (a)(2), (a)(5), (a)(7) and (a)(9), Defendants' acts and practices led customers to falsely believe that their Earth's Best Wipes are "earth friendly." In violation of section 1770(a)(8), Defendants falsely or deceptively market and advertise that, unlike products not specifically denominated as "earth friendly," the Earth's Best Wipes are "earth friendly," when in fact, the wipes are made from materials that are not "earth friendly."

61.     Plaintiffs request that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiffs and the other members of the Class will continue to suffer harm.

62.     CLRA § 1782 NOTICE. On or about March 30, 2018, Plaintiffs provided Defendants with notice and demand that Defendants correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Despite receiving the aforementioned notices and demands, Defendants failed to do so in that, among other things, it failed to identify similarly situated customers, notify them of their right to correction, repair, replacement or other remedy, and/or to provide that remedy. Accordingly, Plaintiffs seek, pursuant to California Civil Code § 1780(a)(3), on behalf of themselves and those similarly situated class members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendants' acts and practices.

63.     Plaintiffs also request that this Court award them costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

### PLAINTIFFS' SECOND CAUSE OF ACTION
**(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"))**
**On Behalf of Themselves and the Class**

64.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

65.     Beginning at an exact date unknown to Plaintiffs, but within three (3) years preceding the filing of the Class Action Complaint, Defendants made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of their Earth's Best Wipes.

66.     Defendants made representations and statements (by omission and commission) that led reasonable customers to believe that they were purchasing products that were "earth friendly." Defendants deceptively failed to inform Plaintiffs, and those similarly situated, that their Earth's Best Wipes are made from materials that are not "earth friendly."

67.     Plaintiffs and those similarly situated relied to their detriment on Defendants' false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth in paragraphs 24-34, and 75 above. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, refraining from purchasing Defendants' Earth's Best Wipes or paying less for them.

68.     Defendants' acts and omissions are likely to deceive the general public.

69.     Defendants engaged in these false, misleading and deceptive advertising and marketing practices to increase their profits. Accordingly, Defendants have engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

70.     The aforementioned practices, which Defendants have used, and continue to use, to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

71.     As a direct and proximate result of such actions, Plaintiffs and the other members of the Class have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs, and those similarly situated, paid a price premium for the Earth's Best Wipes, i.e., the difference between the price consumers paid for the Earth's Best Wipes and the price that they

-15-

would have paid but for Defendants' misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

72.    Plaintiffs seek, on behalf of those similarly situated, restitution of the difference between what Defendants acquired from Plaintiffs, the general public, or those similarly situated, and what would have been acquired in absence of the false, misleading and deceptive advertising and marketing practices complained of herein, which amount will be proven at trial, plus interest thereon.

73.    Plaintiffs seek, on behalf of those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

74.    Plaintiffs seek, on behalf of those similarly situated, an injunction to prohibit the sale of the Earth's Best Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the misrepresentation "Earth Friendly" and to disclose the omitted facts about the true composition of the wipes. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that the Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants are not entitled. Plaintiffs, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**PLAINTIFFS' THIRD CAUSE OF ACTION**
**(Fraud, Deceit and/or Misrepresentation)**
**On Behalf of Themselves and the Class**

75.    Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

76.    From 2014 to 2017, Defendants fraudulently and deceptively led Plaintiffs to believe that the Earth's Best Wipes were "earth friendly" wipes. Defendants also failed to inform Plaintiffs that the Earth's Best Wipes were made from materials that were not "earth friendly."

77.     These misrepresentations and omissions were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase Defendants' Earth's Best Wipes.

78.     Defendants made identical misrepresentations and omissions to members of the Class regarding Defendants' Earth's Best Wipes.

79.     Plaintiffs and those similarly situated relied to their detriment on Defendants' fraudulent misrepresentations and omissions. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, not purchasing (or paying less for) Defendants' Earth's Best Wipes.

80.     Defendants had a duty to inform class members at the time of their purchases that the Earth's Best Wipes made from materials that are not "earth friendly." Defendants omitted to provide this information to class members. Class members relied to their detriment on Defendants' omissions. These omissions were material to the decisions of the class members to purchase the Earth's Best Wipes. In making these omissions, Defendants breached their duty to class members. Defendants also gained financially from, and as a result of, their breach.

81.     By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiffs, and those similarly situated, to alter their position to their detriment. Specifically, Defendants fraudulently and deceptively induced Plaintiffs, and those similarly situated, to, without limitation, pay a premium to purchase the Earth's Best Wipes.

82.     As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiffs, and those similarly situated, have suffered damages. In particular, Plaintiffs seek to recover on behalf of themselves and those similarly situated the price premium paid for the Earth's Best Wipes, i.e., the difference between the price consumers paid for the Earth's Best Wipes and the price that they would have paid but for Defendants' misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

83.     Defendants' conduct as described herein was willful and malicious and was

designed to maximize Defendants' profits even though Defendants knew that it would cause loss

and harm to Plaintiffs and those similarly situated.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)
### On Behalf of Themselves and the Class

84.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

85.     From 2014-2017, Defendants provided false and misleading information regarding the Earth's Best Wipes, representing that the wipes were "earth friendly."

86.     These representations were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase the Earth's Best Wipes.

87.     Defendants made identical misrepresentations and omissions to members of the Class regarding Defendants' Earth's Best Wipes.

88.     Defendants should have known their representations to be false and had no reasonable grounds for believing them to be true when they were made.

89.     By and through such negligent misrepresentations, Defendants intended to induce Plaintiffs and those similarly situated to alter their position to their detriment. Specifically, Defendants negligently induced Plaintiffs, and those similarly situated to, without limitation, to purchase the Earth's Best Wipes.

90.     Plaintiffs and those similarly situated relied to their detriment on Defendants' negligent misrepresentations. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, not purchasing (or paying less for) the Earth's Best Wipes.

91.     Plaintiffs and those similarly situated have suffered damages. In particular, Plaintiffs seek to recover on behalf of themselves and those similarly situated the price premium paid for the Earth's Best Wipes, i.e., the difference between the price consumers paid for the Earth's Best Wipes and the price that they would have paid but for Defendants' misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

## PLAINTIFFS' FIFTH CAUSE OF ACTION
### ("Greenwashing" Under the Environmental Marketing Claims Act, Cal. Bus. &

**Prof. Code § 17580, *et seq*.)**
**On Behalf of Themselves and the Class**

92. Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

93. Defendants' representations and omissions complained of herein constitute advertising that the Earth's Best Wipes are not harmful to, or are beneficial to, the natural environment, through the use the phrase "earth friendly." On information and belief, in violation of Cal. Bus. & Prof. Code §17580(a), Defendants have not maintained in written form in their records information and documentation supporting the validity of the representation, including but not limited to, Any significant adverse environmental impacts directly associated with the production, distribution, use, and disposal of the Earth's Best Wipes.

94. Further, in violation of Cal. Bus. & Prof. Code §17580.5(a), Defendants' representations and omissions complained of herein constitute untruthful, deceptive, or misleading environmental marketing claims, explicit or implied, including claims referenced in the Green Guides published by the FTC.

95. Plaintiffs seek, on behalf of those similarly situated, a declaration that the above-described practices are fraudulent and/or unlawful.

96. Plaintiffs seek, on behalf of those similarly situated, an injunction to prohibit the sale of the Earth's Best Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the misrepresentation "Earth Friendly" and to disclose the omitted facts about the true composition of the wipes. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants were not entitled. Plaintiffs, and those similarly situated and/or other consumers, have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**PLAINTIFFS' SIXTH CAUSE OF ACTION**
**(Unfair, Unlawful and Deceptive Trade Practices,**
**Business and Professions Code § 17200, *et seq.*)**
**On Behalf of Themselves and the Class**

97.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

98.     Within four (4) years preceding the filing of this Class Action Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices in California by engaging in the unfair, deceptive and unlawful business practices outlined in this Class Action Complaint. In particular, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices by, without limitation, the following:

a.     deceptively representing to Plaintiffs, and those similarly situated, the Earth's Best Wipes were "earth friendly;"

b.     failing to inform Plaintiffs, and those similarly situated, that the Earth's Best Wipes were made with materials that are not "earth friendly;"

c.     violating the Federal Trade Commission Green Guides regulations, including, without limitation, 16 C.F.R. sections 260.3(b), 260.3(c), 260.16(a), 260.16(c), and 260.2, as described herein;

d.     violating the Environmental Marketing Claims Act, Cal. Bus. & Prof. Code § 17580, *et seq.*, as described herein.

e.     violating the CLRA as described herein;

f.     violating the FAL as described herein; and

g.     engaging in fraud, deceit, and misrepresentation as described herein.

99.     Plaintiffs and those similarly situated relied to their detriment on Defendants' unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by not purchasing (or paying less for) the Earth's Best Wipes.

100.     Defendants' acts and omissions are likely to deceive the general public.

-21-

Class Action Complaint

101.    Defendants engaged in these unfair practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

102.    The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

103.    As a direct and proximate result of such actions, Plaintiffs and the other members of the Class have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs and those similarly situated paid a price premium for the Earth's Best Wipes, i.e., the difference between the price consumers paid for the Earth's Best Wipes and the price that they would have paid but for Defendants' misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

104.    Plaintiffs seek, on behalf of those similarly situated, a declaration that the above-described trade practices are fraudulent and/or unlawful.

105.    Plaintiffs seek, on behalf of those similarly situated, an injunction to prohibit the sale of the Earth's Best Wipes within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the misrepresentation "Earth Friendly" and to disclose the omitted facts about the true composition of the wipes. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants were not entitled. Plaintiffs, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions

1 Code alleged to have been violated herein.

2 **PRAYER FOR RELIEF**

3 WHEREFORE, Plaintiffs pray for judgment as follows:

4     A.   On Cause of Action Number 1 against Defendants and in favor of Plaintiffs

5     and the other members of the Class:

6       1.  an award of actual damages, the amount of which is to be

7       determined at trial;

8       2.  for injunctive relief pursuant to, without limitation, the California

9       Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*

10       and injunctive relief pursuant to California Civil Code section

11       1780;

12       3.  an award of punitive damages, the amount of which is to be

13       determined at trial; and

14       4.  an award of statutory damages as provided by Civil Code section

15       1780(b), the amount of which is to be determined at trial.

16     B.   On Causes of Action Numbers 2 and 6 against Defendants and in favor of

17     Plaintiffs and the other members of the Class:

18       1.  for restitution of the price premium paid, i.e., the difference

19       between the price consumers paid for the Earth's Best Wipes and

20       the price that they would have paid but for Defendants'

21       misrepresentation, in an amount to be proven at trial using

22       econometric or statistical techniques such as hedonic regression or

23       conjoint analysis, pursuant to, without limitation, the California

24       Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

25       and

26       2.  for injunctive relief pursuant to, without limitation, the California

27       Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*

28     C.   On Cause of Action Number 3 against Defendants and in favor of Plaintiffs

and the other members of the Class:

    1.  an award of compensatory damages, in the amount of the price premium paid, i.e., the difference between the price consumers paid for the Earth's Best Wipes and the price that they would have paid but for Defendants' misrepresentation, in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis; and

    2.  an award of punitive damages, the amount of which is to be determined at trial.

D.    On Cause of Action Number 4 against Defendants and in favor of Plaintiffs and other members of the Class:

    1.  An award of compensatory damages, in the amount of the price premium paid, i.e., the difference between the price consumers paid for the Earth's Best Wipes and the price that they would have paid but for Defendants' misrepresentation, in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis.

E.    On Cause of Action Number 5 against Defendants and in favor of Plaintiffs and other members of the Class:

    1.  for injunctive relief pursuant to, without limitation, the California Business & Professions Code § 17580, *et seq.*

F.    On all causes of action against Defendants and in favor of Plaintiffs, class members and the general public:

    1.  for reasonable attorneys' fees according to proof pursuant to, without limitation, the California Legal Remedies Act and California Code of Civil Procedure § 1021.5;

    2.  for costs of suit incurred; and

    3.  for such further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

Dated: August 29, 2018                    **GUTRIDE SAFIER LLP**

_____
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Kristen G. Simplicio, Esq.
Marie McCrary, Esq.
100 Pine Street, Suite 1250
San Francisco, California 94111

Attorneys for Plaintiffs

-25-

# Exhibit A

DocuSign Envelope ID: CA3A83EB-706E-4508-8036-910AD01575F1

**EXHIBIT A**

I, Martha Valentine, declare:

1.      I am one of the Plaintiffs in this action.  If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.      I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3.      I am a resident of San Francisco, California. As set forth in my complaint, on many occassions since 2010, I purchased Earth's Best Wipes from a Target retail store and a Rainbow Grocery in San Francisco, CA.

4.      I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this __ day of August 2018, in San Francisco, California.

8/29/2018 6:57:37 PM PDT

Martha Valentine

-1-

DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more…

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

> George Yuhas, Esq.
> Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

> Robert Charles Friese, Esq.
> Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

> Leslie Caplan
> Global Warming Campaign Manager
> Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"
> Mark Abelson, Esq.
> Campagnoli, Abelson & Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."
> Denise A. Leadbetter, Esq.
> Zacks, Utrecht & Leadbetter



FOR OUTSTANDING ADR SERVICES
Voted into the **Hall of Fame** In The Recorder's 'Best of' Poll
5 YEARS IN A ROW 2010 – 2014

# MEDIATION SERVICES



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

**adr@sfbar.org** or
**415-982-1600**



THE BAR ASSOCIATION OF
SAN FRANCISCO

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

### OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

### *Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value.  On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  The success rate for the program is 78% and the satisfaction rate is 97%.  Full procedures are at: www.sfbar.org/esp.

**Cost:**  BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel.  Waivers are available to those who qualify.  For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org  or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference.  See Local Rule 5.0 for further instructions.  Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations.  The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation.  While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time.  Mediation time beyond that is charged at the mediator's hourly rate.  BASF pre-screens all mediators based upon strict educational and experience requirements.  Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection.  The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.  BASF staff handles conflict checks and full case management.  Mediators work with parties to arrive at a mutually agreeable solution.  The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.</u>



# Superior Court of California
## County of San Francisco



HON. TERI L. JACKSON
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Suzanne R. Bolanos | The Honorable Stephen M. Murphy |
| The Honorable Angela Bradstreet | The Honorable Joseph M. Quinn |
| The Honorable Andrew Y.S. Cheng | The Honorable James Robertson, II |
| The Honorable Samuel K. Feng | The Honorable John K. Stewart |
| The Honorable Curtis E.A. Karnow | The Honorable Richard B. Ulmer, Jr. |
| The Honorable Charlene P. Kiesselbach | The Honorable Mary E. Wiss |

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

07/2017 (ja)

## EJT-001-INFO   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an **expedited jury trial**—a trial that is shorter and has a smaller jury than a traditional jury trial.

> You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml.* The rules are at *www.courts.ca.gov/rules.*

### ① What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- **The jury will be smaller.** There will be 8 jurors instead of 12.
- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

### ② What cases have expedited jury trials?

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in ⑦ below.
  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial*, if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—**all parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in ⑨.

### ③ Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

### ④ Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ⑤ Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ⑥ How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

**Expedited Jury Trial Information Sheet**

EJT-001-INFO, Page 1 of 2 

**EJT-001-INFO**   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

o   The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

(7)   **Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always.  There are some exceptions.

o   The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.

o   Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

(8)   **Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in (1), and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

(9)   **Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

o   Misconduct of the judicial officer that materially affected substantial rights of a party;

o   Misconduct of the jury; or

o   Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

(10)   **Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if **both** sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney **before** agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. **You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address)

TELEPHONE NO.:

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
| | **DEPARTMENT 610** |

FOR COURT USE ONLY

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party.  Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates.  ADR organizations may also charge an administrative fee.  Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award.  There is no fee for this program.  www.sfsuperiorcourt.org

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  There is no fee for this program.  www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐   Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____          _____
Name of Party Stipulating                                               Name of Party Stipulating

_____          _____
Name of Party or Attorney Executing Stipulation              Name of Party or Attorney Executing Stipulation

_____          _____
Signature of Party or Attorney                                         Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant          ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                              Dated: _____

☐   *Additional signature(s) attached*

ADR-2  03/15                          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**   ☐ **LIMITED CASE** (Amount demanded (Amount demanded is $25,000 exceeds $25,000) or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                     Time:                Dept.:              Div.:            Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted **jointly** by parties *(names)*:


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4. **Description of case**
   a. Type of case in  ☐  complaint    ☐  cross-complaint    *(Describe, including causes of action)*:

| Form Adopted for Mandatory Use | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, |
|---|---|---|
| Judicial Council of California | | rules 3.720–3.730 |
| CM-110 [Rev. July 1, 2011] | | www.courts.ca.gov |

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | | |
| DEFENDANT/RESPONDENT: | | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____                    ▷ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY)

_____                    ▷ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY)
                                                                       ☐ Additional signatures are attached.